IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD SEXTON,

          Plaintiff,

    v.                                    Civil Action 2:22-cv-3241
                                        Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Kimberly A. Jolson

UNITED STATES, et al.,

          Defendants.

**ORDER AND
REPORT AND RECOMMENDATION**

*Pro se* Plaintiff filed a Motion to Proceed *in forma pauperis* (Doc. 1), in connection with his Complaint (Doc. 1-1). When evaluating a motion to proceed without prepayment of fees, the Court also conducts an initial screen of the Complaint pursuant to 28 U.S.C. § 1915(e). To enable this review, the Court must be able to discern whether Plaintiff has stated a viable claim. Because the Court was unable to perform that review, Plaintiff was ordered to file an amended complaint on or before September 20, 2022. (Doc. 2). That deadline has passed, and Plaintiff failed to comply. Consequently, although Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 1) is **GRANTED**, it is **RECOMMENDED** that this case be **DISMISSED**.

**I.    Motion For Leave to Proceed *in forma pauperis***

Upon review, Plaintiff has satisfied the standard to proceed without the payment of fees in this matter, and his Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is **GRANTED**.

**II.    Dismissal Under 28 U.S.C. § 1915(e)**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss any portion of the Complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under §1915(e)(2)."). While true that *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

Previously, the Court concluded that Plaintiff's complaint was too vague for the Court to discern what federal claims he was attempting to bring. (Doc. 2). Plaintiff names five Defendants in this action, including the Torts Law Group of the United States Department of Veterans Affairs ("VA") and Janssen Pharmaceuticals. His allegations seem to arise, in part, from harm suffered at several VA facilities. But his Complaint does not state specific allegations for each Defendant nor make clear what violation of law he is asserting based on the alleged conduct. Further, Plaintiff cites several criminal statutes, "which do not provide a private right of action" for private citizens like Plaintiff. *See Kelly v. City of New Philadelphia*, No. 5:11CV474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011).

> Under the Federal Rules of Civil Procedure, a complaint must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). All claims must be set forth in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), and "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).

The Court provided this guidance to Plaintiff and sent him a copy of the Court's *pro se* guide. (Doc. 2). The Court also gave Plaintiff time to amend his complaint. (*Id.*). He did not. As it stands, Plaintiff's complaint must be dismissed for failure to state a claim. *See* 28 U.S.C. §1915(e)(2). Indeed, his Complaint is incomprehensible and his claims frivolous.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**, but it is **RECOMMENDED** that this case be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The parties are advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: September 26, 2022         s/ Kimberly A. Jolson
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE